FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 02 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LAURENT J. EUSTACHE,

                Plaintiff,

    -against-

HOME DEPOT U.S.A., INC.,

                Defendant.
----------------------------------------------------------------X

ORDER
13-CV-421(SJF)(AKT)

FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated August 8, 2014: (1) recommending that the motion of defendant Home Depot U.S.A., Inc. ("defendant") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted in its entirety; and (2) advising plaintiff Laurent J. Eustache ("plaintiff"), *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report * * * to file written objections[,]" (Report at 58), and (b) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal[,]" (id.) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); and Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996)). Defendant served a copy of the Report upon plaintiff by overnight and first-class mail on August 8, 2014. (Doc. No. 55). Plaintiff has not filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Tomlinson's Report is accepted in its entirety, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims are dismissed in their entirety with prejudice.

1

I.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Specifically, where, as here, a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), his "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Department of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also King, 419 F. App'x at 27 (accord).


II.     Review of Report

Although the Report provided plaintiff with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, plaintiff has not filed any objections to Magistrate Judge Tomlinson's Report, nor sought an extension of time to do

2

so. Accordingly, plaintiff has "waive[d] any further judicial review of the findings contained in the report." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse plaintiff's default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims are dismissed in their entirety with prejudice.

III. Conclusion

For the reasons set forth herein and in the Report, Magistrate Judge Tomlinson's Report is accepted in its entirety, defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims are dismissed in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendant, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: September 2, 2014
Central Islip, New York